UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALE A. STAGGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-02132-TWP-MKK ) |
| PUBLIC DEFENDER OF INDIANA, | ) ) |
| Defendant. | ) ) |

**Order Dismissing Complaint for Lack of Jurisdiction and Opportunity to Show Cause**

This matter is before the Court on Plaintiff Dale Staggers Motion to proceed *in forma pauperis* (Dkt. 2) and for screening of his complaint. Mr. Staggers is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action against the Defendant Public Defender of Indiana ("Defendant") alleging the defendant failed to protect his personal information including his social security number from a hacker. (Dkt. 1). Because Mr. Staggers is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). For the reasons explained below, an initial partial filing fee is assessed, and the complaint is dismissed for lack of jurisdiction.

**I. Filing Fee**

Mr. Staggers' motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that Mr. Staggers is assessed an initial partial filing fee of Two Hundred Fifteen Dollars and Fifty-Seven Cents ($215.57). *See* 28 U.S.C. § 1915(b)(1); *Whitaker v. Dempsey*, No. 23-1086, 2023 WL 6568053, at *2 (7th Cir. Oct. 10, 2023) (stating that even a prisoner with $2000 in assets might be eligible to proceed *in forma pauperis*). Mr. Staggers shall have **through January 8, 2024**, in which to pay this sum to the clerk of the district court.

Mr. Staggers is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Staggers and Mr. Staggers' custodian.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. The Complaint

Mr. Staggers seeks $500,000 in damages for the alleged breach of his personal information caused when the Public Defender of Indiana's computers were hacked. Dkt. 1 at 4. He alleges that the Public Defender of Indiana failed to adequately protect his information and to timely respond

to the data breach. As a result, Mr. Staggers was delayed from taking measures to prevent identity theft. Dkt. 1 at 3.

## IV. Dismissal of Complaint

Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) The Seventh Circuit has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction.

## V. Opportunity to Show Cause

Mr. Staggers' complaint must be dismissed for lack of jurisdiction. Mr. Staggers shall have **through January 8, 2024,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

IT IS SO ORDERED.

Date: 12/8/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DALE A. STAGGERS
884538
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362